FILED
SHELBY COUNTY
CHANCERY COURT
FEB 15 2007
DEWUN R. SETTLE, C & M
TIME: _____ BY: _____

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

---

GATES WILLIAMS and
SHARON WILLIAMS,

    Plaintiffs,

Vs.                              No. CH-07-0346-3

STATE FARM FIRE &
CASUALTY COMPANY &
J. COOPER MOVING, INC., and
COOPER & COOPER MOVING, INC.,

    Defendants.

---

## COMPLAINT

Come the Plaintiffs, Gates Williams and Sharon Williams, husband and wife, by counsel, and for their Complaint against Defendants, State Farm Fire & Casualty Company (hereafter "State Farm") and J. Cooper Moving, Inc., Cooper & Cooper Moving, Inc. (hereafter collectively, "Cooper") state:

### PARTIES

1. Plaintiffs, husband and wife, reside at 30 Reservoir Heights, Little Rock, AR 72227-0000; Defendant, State Farm is an Illinois corporation that sells insurance policies and does business in the State of Tennessee; that Defendants, collectively known as Cooper, are moving and storage corporations in and for the State of Tennessee and have their common principal place of business at 6835 Baudette Lane, Bartlett, Tennessee, 38135-1227; Jay Cooper is the registered agent for these "Cooper" defendants. The agent for service of process for State

Farm is the Commissioner, Tennessee Department of Commerce and Insurance, 500 J. Robertson Parkway, 5th Floor, Nashville, TN 37243.

## JURISDICTION

The parties hereto entered into contracts in Memphis, Tennessee in or about July, 2003 for the following purposes, viz.:

a. Renter's insurance [Plaintiffs and State Farm]; and

b. Bailment/storage/interstate transportation [Plaintiffs and Cooper].

This Court has jurisdiction over the parties hereto as signatories and/or parties to these contracts and transactions here involved. Attached hereto as Exhibits A and B are the contracts governing the relationships of the parties apart from any parol evidence, collateral, express or implied agreements, evidence of fraud or other circumstances pertinent hereto.

## FACTS

3. On or about July 29, 2003, Plaintiffs entered into a bailment contract with Defendants, Cooper, to store certain of their personal property and with Defendant, State Farm, to insure said property while it was stored in a climate-controlled secure storage facility owned by Cooper; said personal belongings then had a value of $75,000.00; the subject personal property was in good condition at the time that it was stored; as stated, the parties entered into contracts which are attached hereto. State Farm issued to Plaintiffs its Renters Insurance policy [Form FP 7954 KT], insuring the property above-described for $75,000.00. Said property was stored at Defendant Cooper's facility at 5041 Wilfong Road, Memphis, TN 38134, and insured by Defendant, State Farm, until on or about July 29, 2006, at which time Plaintiffs retook possession of the said property in Little Rock, Arkansas, when Defendant, Cooper, delivered the said property to them by moving van; contrary to expectation and contract, the property was

not in good condition; these Defendants have failed and refused to make good on their insurance and bailment contracts with these Plaintiffs by paying for the losses sustained herein; as a consequence, Plaintiffs, following an inspection of their property by experts in restoration and testing that confirmed rampant mold damage, Plaintiffs sue herein to recover damages for their unpaid losses.

## CLAIMS

4. Defendants, Cooper and State Farm, are liable to Plaintiffs for the following losses and damages incurred:

   a. Breach of contract [insurance and bailment] [both];

   b. Negligent bailment of personal property [T.C.A. §24-5-111] [Cooper];

   c. Deceit [both];

   d. Unfair and deceptive trade practices in violation of T.C.A. §47-18-101, et seq. [both];

   e. Negligent infliction of mental distress [both]; and

   f. Conversion of personal property [Cooper].

That, for the foregoing defaults, Defendants are answerable for all proximately caused harm sustained by these Plaintiffs. Plaintiffs were in no wise responsible for these defaults or their losses.

## DAMAGES

5. That Plaintiffs' personal property was insured with State Farm for $75,000.00; State Farm has failed and refused to pay this loss; said property [in good condition at the time of its delivery to bailee] was damaged during Defendant Cooper's bailment of the said personal property pursuant to contract; that Defendant, Cooper, as the bailee, spoiled, damaged or

destroyed Plaintiffs' personal property or permitted same to be destroyed while in its possession at all pertinent times; that some of the said personal property was stolen, some missing and the rest was damaged, destroyed or otherwise spoiled, by neglect, water or breach of warranty and/or contract of bailment; that there is mold damage to the said personal property creating a health hazard to these Plaintiffs in their current living environment. The damages herein sued for include Plaintiff's pecuniary losses and the damaged or stolen property, the cost of any repairs or remediation, replacement cost of destroyed property, costs incurred for obtaining appraisals and expert estimates of repair, for mold/fungus testing, medical care costs for Plaintiffs in the past and in the future; that Plaintiffs seek damages herein for all of the defaults alleged herein above in the sum of One Hundred Thousand and No/100 ($100,000.00) Dollars.

WHEREORE, PREMISES CONSIDERED, PLAINTIFF PRAYS that they be granted a judgment against Defendants for the sum of One Hundred Thousand and No/100 ($100,000.00) Dollars and for all other proper relief to which they may be entitled under the circumstances; that treble damages, prejudgment interest, attorney's fees and discretionary costs be awarded Plaintiffs herein under T.C.A. §47-18-109 (2001).

Respectfully submitted,

Mark Ledbetter            TN #17637
                          AR #74175
254 Court-Suite 305
Memphis, TN 38103
(901) 523-8153
Attorney for Plaintiffs

# ADA Notice

The Americans with Disabilities Act prohibits discrimination against any qualified individuals with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> **TOM STONE (For Disability Assistance Only)**
> **PHONE # (901) 379-7895**
> **FAX # (901) 379-7888**
> **E-MAIL Stone-T@co.shelby.tn.us**

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

> **PAMELA TAYLOR**
> **511 Union Street, Ste. 600**
> **Nashville, TN 37219**
> **(615) 741-2687 OR (800) 448-7970**
> **pamela.taylor@tscmail.state.tn.us**

The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us.

Form ADA01-11/05