IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| GATES WILLIAMS and SHARON WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07-02210-JPM/tmp ) |
| STATE FARM FIRE & CASUALTY, COMPANY, J. COOPER MOVING INC., and COOPER & COOPER MOVING, INC., | ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STATE FARM FIRE & CASUALTY'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant State Farm Fire & Casualty's Motion for Summary Judgment (Doc. 37), filed February 18, 2008. Plaintiffs filed their Response in Opposition (Doc. 46) on March 28, 2008. A hearing was held on May 14, 2008. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment.[1]

**I. Background**

This case arises from Plaintiffs Gates and Sharon Williams' ("Plaintiffs") bailment contract with J. Cooper Moving, Inc. and Cooper & Cooper Moving, Inc. (collectively

---

[1] As to Plaintiffs' negligent infliction of emotional distress claim, Plaintiff concedes that dismissal of the claim is appropriate.

"the Cooper Defendants") and from their insurance contract for the bailment with State Farm Fire & Casualty Co. ("State Farm"). On or about July 29, 2003, Plaintiffs entered into a bailment contract with the Cooper Defendants to store their personal property. (Compl. Doc. 1-2 ¶ 3.) The items stored by the Cooper Defendants and insured by State Farm had an alleged value of $75,000. (Id.)

Plaintiffs re-took possession of their personal property on July 29, 2006, when the Cooper Defendants delivered it to their home in Little Rock, Arkansas. (Id.) When Plaintiffs received their property, they discovered that it was "not in good condition" and had suffered water damage and mold. (Sharron Williams Dep. 81-92.) Some of the Plaintiffs' property was stolen or missing. (Id. at 92.) After discovering this damage, Plaintiffs filed a claim with State Farm under their insurance policy. (Morrison Dep. 13-14.)

State Farm investigated the claim, but neither they nor the Cooper Defendants were able to identify the cause of the damage to Plaintiffs' property. (Id. at 49; Frizzell Dep. 18, 76-77.) State Farm wrote on August 24, 2006, informing them that only the stolen or missing items were covered under their policy. (Def.'s Br. Summ. J., Doc. 37 Ex. 5.) State Farm also asked Plaintiffs to

2

provide estimated values and descriptions for the lost or stolen items. (Id.) State Farm sent a second letter on November 30, 2006, after Plaintiffs failed to answer the first request for information. (Id. Ex. 7.) On January 25, 2007, a final letter asked again for the information about Plaintiffs' lost or stolen property and reminded Plaintiffs of the approaching deadline to submit this claim description. (Id. Ex. 8.)

During the theft claims process, State Farm also sent a letter detailing the coverage provided by the policy, explaining that the theft would be covered because "Theft" was a named peril under the policy but that mishandling was not. (Id. Ex. 6.) Likewise, State Farm indicated that the water damage could not be attributed to any named peril that would be covered. (Id.) Finally, the letter stated that mold and fungus damage were specifically excluded from the policy under a "Mold Exclusion" endorsement. (Id. Ex. 1 at 29.) The parties dispute whether or not the Mold Exclusion was included in Plaintiffs' policy. (See Gates Williams Dep. 93-95; Morrison Dep. 17, 38-39.)

On February 15, 2007, Plaintiffs filed the instant action, seeking relief for breach of contract; deceit; unfair and deceptive trade practices in violation of T.C.A.

3

§ 47-18-101, et seq; and negligent infliction of emotional distress.

**II. Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc.,799 F.2d 1128, 1133 (6th Cir. 1986) see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R.

Civ. P. 56(e); see also Abeita v. TransAm. Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. Analysis**

**A. Breach of Contract**

Plaintiffs allege that State Farm breached their insurance contract by refusing to pay for any of the damage their property incurred while the property was covered under their insurance policy. In Tennessee, a plaintiff must prove three elements to recover for a breach of contract claim: (1) the existence of a contract, (2) breach of the contract, and (3) damages resulting from the breach. Life Centers of Am., Inc. v. Charles Town Assoc. Ltd. P'ship, 79 F.3d 496, 514 (6th Cir. 1996).

Plaintiffs and State Farm agree that the insurance policy is an enforceable contract. Defendants move for summary judgment on the grounds that Plaintiffs have failed

to produce evidence of any breach by State Farm. Plaintiffs argue that State Farm committed three breaches of the agreement.

First, Plaintiffs claim that State Farm breached the contract by not paying for the lost or stolen items and that their non-performance cannot be excused by Plaintiffs' failure to cooperate because State Farm waived any requirement of further proof for their claim. (Pls.' Br. Resp. Summ. J., Doc. 48 at 12.) State Farm informed Plaintiffs numerous times that the lost or stolen items were covered under the policy but that Plaintiffs' failure to provide information on the value of the items prevented payment. (Def.'s Br. Summ. J. Ex. 5-8; Gates Williams Dep. 98-99.) The deposition testimony Plaintiffs cite in support of a waiver of the requirement is inapposite. When Martin Morrison, State Farm's claims adjuster, stated that "we've disclaimed coverage. I don't know that there would be a reason to submit a claim form at that point," he was referring to documentation for the denied water damage and negligent handling claims, not to the already accepted theft claim. (Morrison Dep. 51.) Because this testimony is inapplicable to the theft claim, there is no dispute of fact that the non-payment of the theft claim was caused by Plaintiffs' failure to cooperate in the claims process, not

by any breach of the insurance policy. Accordingly, the denial of the theft claim cannot serve as the basis for Plaintiffs' breach of contract claim.

Second, Plaintiffs claim that State Farm's refusal to pay for the water-damaged property constitutes breach of the insurance policy. Under the policy, water damage is only covered when it has been caused by one of several named perils listed as insured under the policy, including "[w]indstorm or [h]ail," "[w]eight of ice, snow or sleet which causes damage to property contained in a building," and "[s]udden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system." (Def. Br. Summ. J. Ex. 1 ("Insurance Policy"), at 11-12.) Water damage from other weather events, water from below the ground, and any water that originates from outside the building are all specifically excluded from the agreement. (Insurance Policy at 13.) Under the policy, the insured party bore the burden of identifying the cause of any claimed damage and must submit a signed and sworn "proof of loss" statement that includes the "time and cause of loss." (Insurance Policy at 15.)

Neither Plaintiffs, State Farm, nor the Cooper Defendants could identify the cause of the water damage.

(Morrison Dep. 48.)  According to the Cooper Defendants' employee who conducted the investigation into the cause of the water damage, "[t]here was just really no answer to the . . . problem."  (Frizzell Dep. 57.)  Damage caused by a windstorm, the weight of ice or snow, or sudden plumbing discharges is easily identifiable as such because these causes leave structural and physical evidence of their occurrence in their wake.  Under the policy it was Plaintiffs' responsibility to produce proof that their claim resulted from a named peril.  Since Plaintiffs failed to make such a showing there is no dispute of fact that the denial of Plaintiffs' water damage claims was proper.  Without any evidence that the water damage was caused by a named peril, the denied water damage claim cannot serve as the basis for Plaintiffs' breach of contract claim.

Finally, Plaintiffs assert that State Farm breached their contract by refusing to pay for the damage caused by the Cooper Defendants' negligent mishandling of the Plaintiffs' property.  State Farm contends that this damage is not covered under the policy because none of the seventeen named perils cover this type of damage.  However, the contract section titled "LOSSES NOT INSURED" states that any "conduct, act, failure to act, or decision of any person, group, organization or governmental body whether

intentional, wrongful, negligent or without fault" is insured "unless the resulting loss is itself a Loss Not Insured by this Section." (Insurance Policy at 13-14.) The plain meaning of this section of the policy indicates that damage resulting from negligent mishandling is covered under the policy as long as the loss is not the result of an excluded peril. There is no evidence that a superseding, excluded peril caused the property damage attributed to the Cooper Defendants' mishandling. Therefore, the denial of the mishandling claim can serve as a basis for Plaintiffs' breach of contract claim.

The Court GRANTS State Farm's Motion for Summary Judgment on Plaintiffs' breach of contract claim as to water-damaged and stolen items but DENIES State Farm's Motion for Summary Judgment for the breach of contract claim relating to negligently-handled property.

**B. Deceit**

In Tennessee, a common law claim of deceit requires that "a party intentionally misrepresents a material fact or produces a false impression in order to mislead another, or to obtain an undue advantage of him." <u>Haynes v. Cumberland Builders, Inc.</u>, 546 S.W.2d 228, 232 (Tenn. Ct. App. 1976)(<u>citing</u> <u>Rose v. Foutch</u>, 4 Tenn. App. 495 (Tenn. Ct. App. 1926). It must be shown that the

misrepresentation was made with both knowledge of its falsity and also with a fraudulent intent. Godwin Aircraft, Inc. v. Houston, 851 S.W.2d 816, 821 (Tenn. Ct. App. 1992)(citing Shwab v. Walters, 251 S.W. 42 (Tenn. 1922). The misrepresentation must have been with respect to an existing material fact, and the plaintiff must have reasonably relied on the misrepresentation to her injury. Whitson v. Gray, 40 Tenn. 441 (Tenn. 1859); Dozier v. Hawthorne Dev. Co., 262 S.W.2d 705 (Tenn. Ct. App. 1953). In commercial transactions, a defendant who makes an unintentional but negligent misrepresentation can be found liable for deceit when the plaintiff has been damaged by reliance on the misrepresentation. Alley v. Quebecor, 182 S.W.3d 300, 303-04 (Tenn Ct. App. 2005).

Plaintiffs have alleged five acts of deceit by State Farm. First, Plaintiffs allege State Farm took photographs of the wrong storage unit after losing pictures of the storage unit in which Plaintiffs' property was stored. Plaintiffs have failed to produce evidence that the loss or misidentification of the photographs was intentional or that they relied on the photographs to their detriment. Accordingly, Plaintiffs' allegation regarding State Farm's misrepresentation of photographs of the Cooper Defendants'

storage unit cannot serve as the basis of their deceit claim.

Plaintiffs also claim that State Farm deceived them by "[d]enying the claim, while pretending to accept the claim." (Pls.' Resp. Summ. J. 14.) Presumably, this is a reference to the stolen or missing property claims, which State Farm has yet to satisfy. Plaintiffs do not dispute that State Farm sent Plaintiffs multiple letters asking for valuation information relating to the lost or stolen property. Rather, Plaintiffs argue they were not required to answer these requests. (Pls.' Resp. Summ. J. 5 (citing Morrison Dep. 51).) Plaintiffs' reliance on Martin Morrison's deposition testimony is misplaced. Martin Morrison's testimony that "I don't know that there would be a reason to submit a claim form at that point" (Morrison Dep. 51), was made with respect to the denied water damage claims, not the theft claims. Furthermore, during the hearing on this motion, State Farm's counsel reaffirmed its willingness to pay for the lost or stolen property, while Plaintiffs continued to refuse to accept payment on the theft claim separately from their other claims. (Sharron Williams Dep. 112.) Plaintiffs have not offered any evidence that State Farm was unwilling to satisfy the theft claims under the policy or that the theft claims would not

have been denied absent Plaintiffs' refusal to cooperate in the claims process. Accordingly, Plaintiffs' allegations regarding State Farm's theft claim denial cannot serve as the basis for their deceit claim.

Plaintiffs' final two deceit allegations involve the mold exclusion that State Farm sent with its letter of November 7, 2006. (Def. Br. Summ. J. Ex. 6.) There is conflicting evidence offered by the parties as to whether or not this exclusion was part of Plaintiffs' policy. (Morrison Dep. 38; Gates Williams Dep. 93.) Even assuming that the exclusion was not part of the policy and that State Farm's representation that it was a part of the policy was either intentional or negligent, Plaintiffs still have not made out a valid deceit claim because they have failed to allege, much less produce evidence of, any detrimental reliance on such a misrepresentation. Accordingly, Plaintiffs' allegations regarding State Farm's mold exclusion cannot serve as the basis for their deceit claims. Plaintiffs have failed to produce any evidence of a misrepresentation of material fact on which they relied to their detriment. Therefore, the Court GRANTS State Farm's Motion for Summary Judgment as to Plaintiffs' claim of deceit.

**D. Tennessee Consumer Protection Act**

Plaintiffs claim that the same facts alleged under their cause of action for deceit give rise to a violation of the "catch-all" provision of Tenn. Code Ann. § 47-18-101 et seq., also known as the Tennessee Consumer Protection Act ("TCPA"). The "catch-all" provision of the TCPA makes "[e]ngaging in any other act or practice which is deceptive to the consumer or to any other person" a violation of the Act. Tenn. Code. Ann. § 47-18-104(b)(27).

Plaintiffs cite Myint v. Allstate Ins. Co., 970 S.W.2d 920, 926 (Tenn. 1998), as an example of a violation of the TCPA by an insurance carrier. However, Myint held that an insurer was only liable under the TCPA when there is evidence of an attempt to violate the terms of the policy, deceive the insured about the terms of the policy, or otherwise act unfairly. No evidence has been submitted that State Farm has attempted to violate the terms of the policy; instead, the parties disagree as to what the terms of the policy are. There is also no evidence that State Farm's claim about the mold exclusion was made to deceive Plaintiffs. Without evidence of violation of the policy or deception of the policyholder, Plaintiffs fail to make a TCPA claim. Therefore, the Court GRANTS State Farm's Motion for Summary Judgment as to Plaintiffs' TCPA violation claim.

**IV. Conclusion**

For the reasons stated above, State Farm's Motion for Summary Judgment is DENIED as to Plaintiffs' breach of contract claim relating to mishandled property and is GRANTED as to all other claims.

So ORDERED this 12th day of June, 2008.

/s/ JON P. McCALLA\_\_\_\_\_
UNITED STATES DISTRICT JUDGE